# Buel, Appellant, v. Bergman.

*Malicious prosecution—Charge of court—Probable cause.*

On an appeal from a judgment for defendant in an action for malicious prosecution, the ground of complaint was that there was a failure to instruct the jury that proof that a prosecution was instituted for the purpose of collecting a debt imposed on the defendant the burden of showing probable cause. It appeared that the proofs upon this subject were meager and inferential, and were met by countervailing proof of at least equal force. No specific instructions were asked for on the subject. *Held,* that the judgment should be affirmed.

Argued Oct. 25, 1905. Appeal, No. 74, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. T.,

1902, No. 684, on verdict for defendant in case of Fred. Buel, Jr., a minor, by his father and next friend, Fred. Buel, Sr., v. Daniel A. Bergman.    Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass for malicious prosecution.    Before COLLIER, P. J. The opinion of the Supreme Court states the case. Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was the charge of the court.

*Franklin A. Ammon*, for appellant.—Where a party uses criminal process to collect a debt or compel the surrender of property, the doctrine of "reasonable and probable cause" does not avail as a defense.    Nor will the law suffer a man to use unlawful means to effect even a just object, without exposing him to all the consequences arising from his improper act: Prough v. Entriken, 11 Pa. 81 ; Schofield v. Ferrers, 47 Pa. 194 ; Schmidt v. Weidman, 63 Pa. 173 ; Fillman v. Ryon, 168 Pa. 484.

*A. G. Smith*, with him *E. L. Kearns*, for appellee.

PER CURIAM, January 2, 1906 :

This action was to recover damages for a malicious prosecution.    The only assignment of error is to the charge.    It is conceded that the instruction given as to the law applicable to the action was correct.    The ground of complaint is that there was a failure to instruct the jury that proof that a prosecution was instituted for the purpose of collecting a debt imposed on the defendant the burden of showing probable cause.    The proofs upon this subject were meager and inferential, and were met by countervailing proofs of at least equal force, and the question did not become one of such importance in the case that the failure to refer to it in the charge was error.    If specific instructions were desired, they should have been asked for.

The judgment is affirmed.